UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**KENNETH GRAY (#114113)**                                           CIVIL ACTION

**VERSUS**

**BRUCE DODD, ET AL.**                                               NO. 09-0162-RET-CN

<u>**NOTICE**</u>

      Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

      In accordance with 28 U.S.C. § 636(b)(1), you have fourteen(14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

      ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

      Signed in chambers in Baton Rouge, Louisiana, January 11, 2010.

                                     **MAGISTRATE JUDGE CHRISTINE NOLAND**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**KENNETH GRAY (#114113)**                                              **CIVIL ACTION**

**VERSUS**

**BRUCE DODD, ET AL.**                                                   **NO. 09-0162-RET-CN**

<u>**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**</u>

This matter comes before the Court on the plaintiff's Motion for Summary Judgment, rec.doc.no. 9.

On March 24, 2009, the pro se plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, commenced this proceeding pursuant to 42 U.S.C. § 1993 against the Louisiana Department of Public Safety and Corrections and Ass't. Warden Bruce Dodd, complaining that the defendants have violated his constitutional rights through deliberate indifference to his serious medical needs.

The plaintiff moves for summary judgment relying upon the pleadings and an LSP Health Services Memorandum dated October 30, 2006, indicating that the plaintiff had been referred for a colonoscopy.

Summary judgment is appropriate where there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law.  Rule 56, Federal Rules of Civil Procedure.  The moving party bears the initial burden of showing the absence of a genuine issue of material fact.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  Supporting affidavits must set forth facts which would be admissible in evidence, and the nonmoving party is not required to respond to the motion until the movant has properly supported his motion with competent evidence.  <u>Id.</u>  Once the movant has carried his burden of proof, however, the nonmovant may not sit idly by and wait for trial.  <u>Page v. Delaune</u>, 837 F.2d 233 (5th Cir. 1988).  Rather, the burden then shifts to the nonmovant to show that the entry of summary judgment

is inappropriate.  <u>Celotex Corp. v. Catrett</u>, <u>supra</u>.  Opposing responses must set forth specific facts showing that there is a genuine issue for trial.  Fed.R.Civ.P. 56(e).

The plaintiff's motion should be denied because he has not met his initial burden of establishing the absence of disputed material facts. In his unsworn Complaint, he asserts that he was scheduled for a colonoscopy in August, 2006, by a Dr. Huffman (not named as a defendant herein), but the test has never taken place.  When he inquired of prison officials about the test, they only made excuses.  When the plaintiff commenced an administrative grievance procedure relative to the failure to provide him with the test, he was wrongly informed that the test had been cancelled because he himself had refused it.

The plaintiff's motion for summary judgment is not in compliance with the Rules of this Court, and is unsupported and unsubstantiated. He has included no statement of undisputed fact, no supporting documentation, no affidavits in support of his allegations, and no evidentiary materials whatever, other than a copy of correspondence dated October 30, 2006, indicating that a colonoscopy was in fact scheduled at that time.  He simply asserts, in his unsworn motion, that, "the mere fact that plaintiff has complained of abdominal pelvis pain for five years, that he was scheduled for a colonoscopy test on August 7, 2006, the fact that excuses were made for the following 27 months, and that plaintiff was refused the test after filing an administrative remedy shows deliberate indifference."  This is insufficient proof of entitlement to the plaintiff's claims.  Moreover, the plaintiff does not provide any factual information to explain why the single named defendant, Bruce Dodd, is responsible for the offenses complained of. Finally, the plaintiff's Certificate of Service reflects that his sole attempt to serve the instant motion has been by mailing a copy of same to William Kline.  Mr. Kline, however, is not the attorney for the

defendant and is not the correct person to accept service or notice of the instant motion on the defendant's behalf.  Accordingly, for these reasons, and in the absence of any attempt by the plaintiff to properly support his motion through competent evidence, and thereby show that there are no disputed issues of material fact and that he is entitled to judgment as a matter of law, Celotex Corporation v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); Rule 56(c), Fed.R.Civ.P., his motion is subject to dismissal as a matter of law.

## RECOMMENDATION

It is recommended that the plaintiff's motion for summary judgment rec.doc.no. 9, be denied, and that this matter be referred back for further proceedings.

Signed in chambers in Baton Rouge, Louisiana, January 11, 2010.

**MAGISTRATE JUDGE CHRISTINE NOLAND**